```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
KEN RUBIN, an individual,                                               :
                                                                        :
                              Plaintiff,                                :
                                                                        :       06 Civ. 6524 (HB)
           - against -                                                  :
                                                                        :       OPINION & ORDER
THE CITY OF NEW YORK , NEW YORK                                         :
                                                                        :
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

*Plaintiff* Ken Rubin ("Rubin" or "Plaintiff"), a resident of California, moves this Court to dismiss this trademark action without prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) against Defendant, the City of New York, New York ("City of New York," "City," or "Defendant").  The Court finds that it has personal jurisdiction over Plaintiff Rubin, and, therefore, Plaintiff's Motion to Dismiss is DENIED.

## I.  PROCEDURAL POSTURE

The unconventional identity of the movant stems from the particular procedural posture of this case.  This action was originally filed in the Central District of California on July 21, 2006 against the City of New York seeking declaratory relief in response to Defendant's assertions[1] that its California and federal trademark registrations (2002 and 2005, respectively) of the New York Police Department logo, "N.Y.P.D." are being infringed by plaintiff's internet domain name (WWW.NYPD.COM).  Rubin's website sold allegedly infringing merchandise bearing the N.Y.P.D. trademark.[2]

---

[1] The City sent two letters to Mr. Rubin (in 2005, and, again, in 2006) which demanded that he cease and desist from selling unlicensed and "infringing" N.Y.P.D. merchandise and transfer the domain name to the City.

[2] Rubin voluntarily suspended operation of his website before filing this action and pending its resolution.

1

On August 29, 2006, the case was transferred from the Central District of California to this district in response to Defendant City of New York's motion for transfer. Plaintiff appealed the Central District's order to the 9th Circuit on August 30, 2006. Defendant, City of New York, on September 3, 2006, filed counterclaims against Plaintiff Rubin.[3] On October 3, 2006, with the 9th Circuit decision pending, Rubin moved this Court (1) for an order to retransfer the case back to the Central District of California, (2) or failing that, for an order dismissing, without prejudice, the action for lack of personal jurisdiction over Ken Rubin, or (3) in the absence of an order retransferring or dismissing without prejudice, for an order staying this action pending decision by the 9th Circuit. On October 15, 2006, I denied the motion for retransfer and stayed the jurisdictional question (including any directives on jurisdictional discovery) pending the 9th Circuit's decision.

On January 19, 2007, the 9th Circuit concluded that it lacked jurisdiction to review the district court's order because it was not a final appealable order, and dismissed for lack of jurisdiction. I ordered limited jurisdictional discovery and set a schedule for briefing and argument on the issue of personal jurisdiction. I heard oral argument on March 16, 2007.

## II.  STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff (or in this case, Defendant City of New York) bears the burden of proving that this Court has personal jurisdiction over defendant (or in this case, Plaintiff Rubin). Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001); Bank Brussels v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999).

Where, as here, "the underlying action is based on a federal statute, [the court] appl[ies] state personal jurisdiction rules if the federal statute does not specifically provide for national service of process." Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) (quotation and citation omitted); PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); see Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004) ("Because the Lanham Act does not provide for national service of process, the New York state long-arm statute governs [the personal jurisdiction] inquiry."). Further, jurisdiction under state law must satisfy federal due process requirements. Bank Brussels, 171 F.3d at 784.

---

[3] City of New York's four counterclaims against Rubin: (1) trademark infringement with respect to unauthorized N.Y.P.D. licensed material, (2) false designation of origin re unauthorized use of N.Y.P.D. trademarks, (3) trademark dilution, and (4) common law unfair competition. The City seeks damages and an order from this Court directing Rubin to transfer his domain name to the City.

### III.  DISCUSSION

Rubin, the non-domiciliary, does not contest the City's factual allegations.[4]  Therefore, in order to survive this motion to dismiss, the City need only set forth a *prima facie* case that personal jurisdiction exists over Rubin.  See Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006); Brooks v. Von Lenthe, No. 06-CV-2407, 2006 U.S. App. LEXIS 30100, *2 (2d Cir. 2006); Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).  The City has met its burden.

### A.  N.Y. C.P.L.R. § 302(a)(1)

Long-arm jurisdiction may be used to confer jurisdiction where a plaintiff's cause of action arises from, *inter alia*, (1) business transacted within the state (2) a tortious act committed within the state, or (3) a tortious act committed outside of the state, resulting in an injury within the state.  See N.Y.C.P.L.R. 302(a)(1)-(3); Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988) (describing § 302 as a "single act" statute). To establish personal jurisdiction under N.Y.C.P.L.R. § 302(a)(1) (hereinafter, "Section 302(a)(1)"), "two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity."  Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006) (citation omitted). The statute allows jurisdiction "only over a defendant who has 'purposefully availed himself of the privilege of conducting activities within New York and thereby invok[ed] the benefits and protections of its laws.'" Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000) (quotation and citation omitted).

Plaintiff asserts that this Court has no jurisdiction over him because he did not choose this Court, he has no contacts with the State of New York, and any attempt to assert jurisdiction would violate due process.  Further, the Plaintiff asserts that the counterclaims are completely devoid of any factual allegations to support personal jurisdiction over him.[5]  The City argues that Plaintiff's internet sales of allegedly infringing merchandise to consumers in this district provide a sufficient basis for the exercise of long-arm jurisdiction over him pursuant to N.Y.C.P.L.R. §§ 302(a)(1) and (a)(3).[6]

---

[4] Rubin confirmed this position on two occasions—in his March 15, 2007 letter to the Court and at oral argument on March 16, 2007.

[5] Plaintiff makes additional arguments with respect to the valid ownership of the trademarks before 2003, which in his opinion, would bar this Court's personal jurisdiction over him.  However, this inquiry demands a substantive exploration beyond that required of this Court by Federal Rule of Civil Procedure 12(b)(2) and governing case law.

[6] (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

    1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or . . .

    3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

        (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives

Recently, in Philip Morris USA, Inc. v. Veles, Ltd., No. 06-CV-2988, slip. op. at 2-3 (S.D.N.Y. Mar. 12, 2007), Judge Daniels addressed similar allegations[7] against non-domiciliary defendants for internet marketing and sales of allegedly counterfeit cigarettes. The plaintiff argued (and Judge Daniels agreed) that defendants were subject to the personal jurisdiction of the court because (1) defendants committed the alleged violations "in this judicial district, including by advertising and offering for sale illegally imported [cigarettes through defendants' websites], which are accessible in this district," (2) plaintiff had evidence of actual sales to New York residents including an e-mail from the online store of one of the defendants confirming an order for cigarettes to be sent to Rye Brook, New York, (3) defendants obtained significant revenue from Internet sales in New York, and (4) defendants did not contest the factual allegations or forward any facts to the contrary. Id. at 9-10.

In the case at bar, there is an "articulable nexus" between Rubin's request for declaratory relief, the City's counterclaim for trademark infringement, and Rubin's online internet business because Rubin transacted business with New York residents over an "active" website where customers from New York purchased allegedly infringing merchandise. Rubin seeks a declaration of the invalidity of the City's trademark and the City, in turn, counterclaims for trademark infringement and misleading consumers through marketing and sales of N.Y.P.D. merchandise over Rubin's website (WWW.NYPD.COM). Rubin's marketing and sales of "N.Y.P.D." merchandise to New York residents over an internet website with the address WWW.NYPD.COM—proof of which the City has submitted to the Court and which Rubin has not contested—in an action regarding the "New York City Police Department" trademark provide more than a casual link to New York. Like the plaintiff in Philip Morris, the City has offered facts to support the alleged violations in this district, including advertisements of the merchandise offered for sale, and evidence of actual sales and revenue in New York (see City of New York's Mem. in further Support of Jurisdiction (attaching list of 83 sales to New York addresses); Decl. of Lloyd Haymes, Ex. A (attaching merchandise offered for sale)) and Rubin has not contested the factual allegations or offered support to the contrary. The City has established a *prima facie* case that this Court has long-arm jurisdiction pursuant to N.Y.C.P.L.R. 302(a)(1) and I need not reach the City's other arguments.

---

          substantial revenue from goods used or consumed or services rendered, in the state, or
           (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . .

N.Y.C.P.L.R. §§ 302(a)(1) and (a)(3).

[7] Philip Morris alleged several statutory and common law trademark infringement claims against defendant operators of online cigarette stores from various websites. Philip Morris USA, Inc. v. Veles, Ltd., No. 06-CV-2988, slip. op. at 1 (S.D.N.Y. Mar. 12, 2007). The complaint alleged that defendants used plaintiff's trademarks—such as Malboro, Virginia Slims and Parliament—without authorization to advertise and sell cigarettes allegedly bearing plaintiff's trademarks over the internet to customers in the United States. Id. at 2.

### B. Due Process

Plaintiff contends that due process has been left out of the equation. However, much like the plaintiff in Philip Morris, Rubin's list of sales to 83 New York residents in 2002-2003, and marketing "N.Y.P.D." merchandise to an indeterminate number of additional New York residents over the internet (largest customer base for "N.Y.P.D." merchandise according to the Declaration of Lloyd Haymes), establish that he received the benefits of transacting business here in New York, and therefore, rather than *offend* "traditional notions of fair play," they *support* that proposition. See Philip Morris USA, Inc. v. Veles, Ltd., No. 06-CV-2988, slip. op. at 12-13 (S.D.N.Y. Mar. 12, 2007) (holding the factual allegations which satisfied the application of N.Y.C.P.L.R. § 302(a) also satisfied Constitutional due process requirements); Alpha Int'l, Inc. v. T-Reproductions, Inc., No. 02-CV-9586, 2003 U.S. Dist. LEXIS 11224, at *12-14 (S.D.N.Y. Jul. 1, 2003) (holding that a single internet sale to a forum state resident satisfied the due process requirement in trademark infringement case).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Rubin's motion to dismiss for lack of personal jurisdiction is DENIED. The case will proceed in accordance with the Pretrial Scheduling Order filed February 16, 2007.

The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**March 24, 2007**

_____
U.S.D.J.

5